**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EVAN MUSIKANTOW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **No.  19-cv-01242** |
| **ALLEN MUSIKANTOW,** | ) | |
| | ) | |
| **Defendant,** | ) | **Hon. Judge Rebecca R. Pallmeyer** |
| | ) | |
| **PETER LOUGHMAN and DAVID** | ) | |
| **GLICKSTEIN,** | ) | |
| | ) | |
| **Respondents in Discovery.** | ) | |

**DEFENDANT ALLEN MUSIKANTOW'S MEMORANDUM IN SUPPORT OF**
**RULE 12(b)(6) MOTION TO DISMISS**

Defendant Allen Musikantow ("Allen"), through his undersigned counsel, submits the following Memorandum in Support of his Rule 12(b)(6) motion to dismiss Plaintiff's complaint with prejudice.

## I.     INTRODUCTION

Plaintiff's complaint arises out of an alleged 2001 oral agreement under which Defendant gratuitously agreed to "hold" Plaintiff's interests in various limited liability companies and proceeds from those interests for Plaintiff's benefit until Plaintiff demanded their return.  The complaint pleads Plaintiff entered into the alleged oral agreement due to concerns that proceeds from his ownership interests would be "consumed by taxes" or "taken in his ongoing divorce."  The alleged oral agreement is a complete fiction, but even taking the complaint's allegations as true, all of Plaintiff's asserted claims are legally deficient because (1) the alleged oral agreement was not supported by consideration; (2)

the complaint does not plead Plaintiff performed his obligations under the alleged oral agreement; and (3) all of the complaint's claims are barred by the rule that courts will not aid a wrongdoer who invokes the court's jurisdiction to profit from his own misconduct, as the complaint is premised on an alleged arrangement to hide assets Plaintiff intended to retain ownership of from the IRS, his ex-spouse, and the Illinois circuit court. Accordingly, the complaint should be dismissed with prejudice in its entirety.

## II.     COMPLAINT'S ALLEGATIONS[1]

Plaintiff is Defendant's son. Complaint ¶2. Defendant is the co-founder and chairman of Apple American Group ("AAG"), which owns and operates over four hundred Applebee's Neighborhood Grill and Bar restaurants. *Id.* ¶7. The complaint claims the Musikantows have a "family business" of developing real estate for "Applebee's franchises, hotels, and Shoney's franchises" held in various limited liability companies. *Id.* ¶8. Plaintiff's claimed role in the family business was to build individual franchises, which were frequently sold once they were "up and running." *Id.* ¶¶9-10. As of late 2000, Plaintiff allegedly had ownership interests in the "family business" through seven affiliated limited liability companies, which the complaint refers to as the "Evan Ownership Interests". *Id.* ¶¶12-13. The interests were as follows: MCM Investments of Ohio LLC (20%); MCM Investments of Indiana LLC (20%); MCM Investments of Delaware LLC (20%); MCM Investments of New Jersey LLC (20%); MCM Investments of Chicago LLC

---

[1] The complaint's well-pleaded factual allegations must be taken as true for purposes of Defendant's motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the alleged oral agreement set forth in the complaint never happened, and Defendant will vehemently contest the validity of the complaint's allegations if this action proceeds.

(20%); Lakeview Associates III (2.5%); and MCM Hotels, LLC (20%) (collectively,

"LLCs"). *Id.* ¶13. Defendant "owned a controlling interest" in the LLCs as of late 2000.

*Id.* ¶14.

According to complaint, Plaintiff and Defendant entered into an oral agreement in

September 2001 regarding the "Evan Ownership Interests". Specifically, the complaint

states:

> 15. In approximately September 200l, Allen and Evan met at the Four
> Seasons in Chicago, Illinois and discussed how the proceeds of Evan's
> Ownership Interests would be held after any of them were sold or
> transferred.
>
> 16. Evan expressed to his father his fear of the proceeds of his Ownership
> Interest[s] being consumed by taxes or being taken in his ongoing divorce.
>
> 17. At their meeting at the Four Seasons, Allen offered and Evan accepted,
> for Allen to hold Evan's Ownership Interest[s] for the benefit of Evan
> (hereinafter "Agreement").
>
> 18. Allen promised to hold the proceeds of Evan's Ownership Interest[s]
> and pay them to Evan at a later date.

*Id.* ¶¶15-18.

The complaint alleges that in November 2001 and December 2005 certain of the

LLCs were sold. *Id.* ¶¶24, 28. Plaintiff worked for AAG through 2003. *Id.* ¶25. Allegedly,

some or all sale proceeds from the "Evan Ownership Interests" were transferred into a tax

shelter controlled by David Glickstein and Peter Loughlan at some point; the tax shelter

"ultimately failed and reverted" to Defendant. *Id.* ¶¶27, 31-32, 34, 39. The complaint

claims Plaintiff first made demand for payment from Defendant "for his Ownership

Interest" in August 2015, which was refused. *Id.* ¶33.

The complaint asserts seven claims: Breach of Contract (Count I); Constructive

Trust (Count II); Breach of Fiduciary Duty, pled in the alternative (Count III); Promissory

Estoppel, pled in the alternative (Count IV); Unjust Enrichment, pled in the alternative

(Count V); and two "counts" against the respondents in discovery (Counts VI-VII).

### III.    PROCEDURAL BACKGROUND

Plaintiff filed this action in the Circuit Court of Cook County on January 22, 2019.

The action was removed to this Court on February 19, 2019. The action purports to be a

refiling of an action Plaintiff filed against Defendant on November 11, 2016 in the Circuit

Court of Cook County with case number 2016 L 011333. Plaintiff's complaint in the 2016

State court action was dismissed on January 24, 2018 for want of prosecution.

### IV.    STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of

the elements of a cause of action will not do.' *Id.* (citation omitted). "Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*

(citation omitted). When ruling on a motion to dismiss, the court must accept as true all

factual allegations contained in a complaint but not legal conclusions. *Id.*

### V.    ARGUMENT

Illinois State law governs this diversity action, as the complaint pleads the

negotiating, contracting, and breach of the alleged oral agreement occurred in Illinois. Complaint ¶¶5, 15-18.

**A.      Count I Does Not Allege the Existence of an Enforceable Oral Contract.**

To state a claim for breach of contract, the plaintiff must plead: "(i) the existence of a valid and enforceable contract, (ii) performance by the plaintiff, (iii) breach of the contract by the defendant, and (iv) resultant injury to the plaintiff." *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶27. A valid and enforceable contract requires an offer, acceptance, and consideration. *Nuccio v. Chicago Commodities*, 257 Ill. App. 3d 437, 443 (1st Dist. 1993). "Valuable consideration for a contract consists either of some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss of responsibility given, suffered or undertaken by the other." *White v. Village of Homewood*, 256 Ill. App. 3d 354, 356-357 (1st Dist. 1993).

Here, the complaint does not plead consideration to support a valid and enforceable contract. The complaint alleges Plaintiff and Defendant entered into an oral agreement in 2001 under which Defendant agreed to "hold Evan's Ownership Interest for the benefit of Evan" and promised to "pay [the proceeds of the ownership interests] to Evan at a later date." Complaint ¶¶15-18, 37-38. The complaint does not allege Plaintiff suffered any type of detriment or assumed any undertaking in exchange for Defendant's alleged promise to hold Plaintiff's ownership interests. There was no consideration for Defendant's alleged promise. Thus, the complaint does not plead the existence of a valid and enforceable contract to support Count I. *See Shelton v. Ernst & Young, LLP*, 143 F. Supp. 2d 982, 992-993 (N.D. Ill. 2001) (granting Rule 12(b)(6) motion to dismiss breach of oral employment

agreement for failure to allege consideration); *Balagiannis v. Mavrakis*, 2008 U.S. Dist. LEXIS 59240, *6-7 (N.D. Ill. 2008) (granting Rule 12(b)(6) motion to dismiss breach of guaranty claim for failure to plead consideration).

Count I fails for the additional reason that it does not allege performance by the Plaintiff. There are no allegations to show Plaintiff undertook any of the tasks necessary to effectuate a legal transfer of the "Evan Ownership Interests" or proceeds therefrom to Defendant. Absent transfer by the Plaintiff, Defendant's alleged obligation to "hold" Plaintiff's ownership interests could have never come into existence.

Count I fails to plead all of the requisite elements of a breach of contract claim. Accordingly, Count I should be dismissed for failure to state a claim.

**B.      Counts I-V Are Barred By Plaintiff's Own Admitted Wrongdoing.**

"[C]ourts will not aid a fraudfeasor who invokes the court's jurisdiction to profit from his own fraud by recovering damages." *Mettes v. Quinn*, 89 Ill. App. 3d 77, 80 (3d Dist. 1980); *see also Robins v. Lasky*, 123 Ill. App. 3d 194, 201 (1st Dist. 1984). The rule is not limited to actual fraud but applies broadly where a plaintiff's cause of action is founded on any illegal or immoral act. *Buttitta v. Newell*, 176 Ill. App. 3d 880, 885-886 (1st Dist. 1988).

Courts have applied this rule to a variety of causes of action. In *Kessinger v. Standard Oil Co.*, 245 Ill. App. 376 (4th Dist. 1925), the plaintiff claimed his business of taking sand from the Mississippi River for commercial purposes was destroyed by defendant's act of dredging and cleaning out a channel in a stream that emptied into the Mississippi. *Id.* at 377-378. The Illinois Appellate Court reversed a verdict for the plaintiff

because plaintiff had no right to take sand from the Mississippi River. *Id.* at 378-380. The court found that even if defendant's conduct resulted in destroying plaintiff's business, plaintiff was not entitled to recover damages because plaintiff violated the law by excavating the river, stating: "It is a well-established principle of public policy that no court will lend its aid to a man who founds his cause of action upon an immoral or illegal act." *Id.* at 380; *see also Haralampopoulos v. Capital News Agency, Inc.*, 70 Ill. App. 2d 17, 23-24 (1st Dist. 1966) (affirming dismissal of plaintiff retailer's tort and contract claims against distributor of magazines where claims premised on retailer's sale of obscene magazines it received from distributor because "it would be contrary to public policy to permit plaintiff to profit by his own wrong by recovering damages from the vendor."); *Buttitta v. Newell*, 176 Ill. App. 3d 880, 884-886 (1st Dist. 1988) (affirming dismissal of legal malpractice claim based on collateral estoppel and finding it was not unjust to apply defense because cause of action founded on intentional violation of law and as a general principle "courts do not aid parties whose causes of action are founded on any illegal or immoral acts"); *Hubert v. Consolidated Med. Lab.*, 306 Ill. App. 3d 1118, 1125-1126 (2d Dist. 1999) (affirming summary judgment in retaliatory discharge lawsuit where former employee alleged she was wrongfully terminated for making false tissue slides when employer promised it would not fire her for that conduct because court "will not aid a wrongdoer who invokes the court's jurisdiction to profit from her own misconduct by recovering damages."); *Trs. of the AFTRA Health Fund v. Biondi*, 303 F.3d 765, 769, 783 (7th Cir. 2002) (client could not maintain legal malpractice claim against former attorneys where he sought to hold divorce attorneys responsible for damages he had to pay as a result

of intentionally leaving ex-spouse on health plan after divorce).

Here, Counts I-V fail because they seek to recover damages for Plaintiff's own admitted wrongdoing. The complaint pleads Plaintiff entered into the alleged oral agreement with Defendant because of "his fear of the proceeds of his Ownership Interest being consumed by taxes or being taken in his ongoing divorce." Complaint ¶16. According to the complaint, Plaintiff and Defendant agreed to have Defendant "hold" Plaintiff's ownership interests "for the benefit" of Plaintiff for an undefined period of time and return the interests on Plaintiff's demand apparently after Plaintiff's "fear" of having to pay taxes had passed and after Plaintiff's divorce was finalized. Complaint ¶¶15-18, 37-39. Thus, the complaint overtly pleads Plaintiff entered into the alleged oral agreement for two purposes: (1) to conceal profits of the ownership interests from the IRS so taxes would not have to be paid on the profits (by plaintiff, defendant, or anyone else); and (2) to conceal the ownership interests/profits from Plaintiff's ex-spouse and Illinois Circuit Court while Plaintiff's divorce proceeding was pending. The complaint further admits Plaintiff intended to retain ownership of the interests/proceeds of the interest once these two wrongful purposes were accomplished. In short, the alleged oral agreement consisted of a sham transaction with the intent to commit fraud on multiple parties.[2] *See In re Marriage*

---

[2] The Court can take judicial notice of the facts that Plaintiff was convicted of the crime "Taking Identity of Another" in 2019 in Maricopa County, Arizona and is currently serving jail time for that conviction. *Morgan v. Finley*, 2014 U.S. Dist. LEXIS 135674, *3-4 (N.D. Ill. 2014) (Rule 12(b)(6) motion can be based on information that is subject to judicial notice; court can take judicial notice of plaintiff's prior conviction); https://www.mcso.org/InmateInfo (inmate information for Evan Musikantow date of birth 4/1/66. Plaintiff's prior conviction provides additional evidence (in addition to the complaint's allegations) that Plaintiff's intent with respect to the alleged oral agreement at issue was fraudulent. *See* Fed. R. Evid. 404(b)(2) (evidence of a crime may be admissible

*of Shehade*, 137 Ill. App. 3d 692, 699-702 (1st Dist. 1985) (spouse's transfer of interest in real estate purchase agreement to brother was fraudulent where it was a sham transaction designed to circumvent divorce court's restraining order pending final disposition of dissolution action and spouse planned to retain ownership in himself); *Claxton v. United States*, 335 B.R. 680, 690 (N.D. Ill. 2006), citation omitted, (in finding debtor's tax liability not dischargeable in bankruptcy where debtor willfully attempted to evade payment of taxes, stating: "Concealing assets from the IRS by 'placing assets in the name of others … by using nominee accounts for depositing large sums of income, amounts to an affirmative act of tax evasion.'") Plaintiff's admitted wrongdoing bars all counts of the complaint.

## VI. CONCLUSION

All counts against the Defendant fail to state a claim upon which relief can be granted. Accordingly, Defendant respectfully requests the Court grant his motion to dismiss the complaint in its entirety with prejudice.

Dated: February 26, 2019                                  Respectfully submitted

**ALLEN MUSIKANTOW**

By: /s/ John Chen
          One of His Attorneys

John Chen – 6193906 – jchen@chenrobertslaw.com
Jennifer Schwartz – 6296184 – jschwartz@chenrobertslaw.com
Chen Roberts Ltd.
33 N. Dearborn St., Suite 1420
Chicago, Illinois 60602
(312) 782-4450

---

for the purpose of proving intent); Fed. R. Evid. 609(a)(2) (to attack witness's character for truthfulness by evidence of a criminal conviction, "the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement."); A.R.S. §13-2008 (crime of taking identity of another).

9

## <u>CERTIFICATE OF SERVICE</u>

        John Chen, an attorney, hereby certifies that on February 26, 2019, he caused the foregoing Defendant Allen Musikantow's Memorandum in Support of Rule 12(b)(6) Motion to Dismiss to be filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all registered ECF users in this case.

                                        /s/ John Chen